UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LATIN AMERICANS FOR SOCIAL AND ECONOMIC DEVELOPMENT, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 09-897 (EGS) |
| v. | ) ) | |
| The ADMINISTRATOR of the Federal Highway Administration in his official capacity, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

On November 25, 2009, the Court granted defendants' motion to transfer this action to the United States District Court for the Eastern District of Michigan (the "Eastern District of Michigan"). Plaintiffs have filed a motion for reconsideration of this decision, and sought leave to file an amended complaint. Upon consideration of plaintiffs' motion, the response and reply thereto, the applicable law, and the entire record, the Court **DENIES** plaintiffs' motion for reconsideration. Having determined that justice does not require the Court to reconsider its transfer Order, the Court declines to consider plaintiffs' request to amend their complaint; this issue shall be preserved for determination by the transferee court.

**I.     BACKGROUND**

Plaintiffs are challenging the decision of the Federal Highway Administration ("FHWA") to authorize construction of the Detroit River International Crossing ("DRIC"), which would connect Detroit, Michigan with Windsor, Ontario.  *See* Defs.' Ex. A, Record of Decision ("ROD") at 1.  Plaintiffs allege that defendants' issuance of the ROD violated the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), Section 4(f) of the Department of Transportation Act, and Section 106 of the National Historic Preservation Act.  Compl. ¶¶ 305-313.  Defendants filed a motion to transfer this action to the Eastern District of Michigan, which the Court granted on November 25, 2009.  Plaintiffs subsequently filed a motion for reconsideration of this decision, which is now ripe for determination by the Court.[1]

---

[1] On November 25, 2009, while the Court was in the midst of finalizing its Memorandum Opinion transferring this action to the Eastern District of Michigan, plaintiffs filed a motion for preliminary injunction.  *See* Docket No. 29.  Based on plaintiffs' assertions of irreparable harm in the absence of an injunction, *see* Pls.' Mot. for Prelim. Inj. at 39-41, and in light of the upcoming Thanksgiving holiday, the Court found it appropriate to telephonically issue its ruling to the parties.  After the Court apprised the parties that the case would be transferred to the Eastern District of Michigan, plaintiffs' counsel - without knowledge of the Court's rationale for its decision - notified the Court that it would be filing a motion for reconsideration.  *See also* Pls.' Mot. for Recons. ¶ 15 ("Plaintiffs' counsel expressly requested that the Court not enter an order transferring the matter until Monday, November 30, 2009, and that Plaintiffs be permitted to review the memorandum and submit a motion to reconsider.").  Plaintiffs' counsel is cautioned that a

## II. LEGAL STANDARD

A district court may revise its own interlocutory rulings "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). The standard of review for interlocutory orders differs from the standard of review for final judgments under Federal Rules of Civil Procedure 59(e) and 60. *See, e.g.*, *Campbell v. United States DOJ*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (citing cases). The primary reasons for amending a judgment pursuant to Rule 59(e) are "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The Court may reconsider any interlocutory judgment "as justice requires." *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000). However, "[the Court's] discretion to reconsider interlocutory orders is tempered somewhat by the Supreme Court's [admonition] that courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly

---

motion for reconsideration is not a motion that should be filed as a matter of course. Given the Court's limited judicial resources and significant interest in finality, such a motion should only be filed when, after careful consideration of the Court's opinion, a party determines that an "extraordinary circumstance[]" necessitates reconsideration. *Keystone Tobacco Co. v. United States Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). No such circumstance has been presented in this case.

erroneous and would work a manifest injustice." *Keystone Tobacco Co. v. United States Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003) (internal quotation marks omitted) (second alternation in the original). Motions for reconsideration should not be treated as "an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted).

### III. ANALYSIS

Plaintiffs ask the Court to reconsider its ruling transferring this case to the Eastern District of Michigan, arguing that "[t]his Court's conclusion that the Eastern District of Michigan has a stronger interest in this action than the District of Columbia is erroneous." Pls.' Mot. for Recons. ¶ 3. Specifically, plaintiffs argue that because the DRIC project is "of immense national and international importance," the Court erred in its determination that transfer was proper pursuant to 28 U.S.C. § 1404(a). Pls.' Mot. for Recons. ¶¶ 5-7.

"The Court finds that this argument by plaintiffs is 'little more than a rehash of the arguments' previously argued and rejected by the Court." *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39, 41 (D.D.C. 2007) (quoting *Black*, 235 F.R.D. at 533)). In its Memorandum Opinion, the Court "acknowledge[d] that Washington-based federal officials had a role in the events underlying plaintiffs' lawsuit," Mem. Op. at

4

10, and recognized that the DRIC project "is an international border crossing raising issues of national and international significance, including international commerce, homeland security, foreign relations, and national spending." Mem. Op. at 14 (internal quotation marks omitted). Nevertheless, after carefully considering each of the relevant § 1404(a) factors, the Court found that transfer to the Eastern District of Michigan was warranted because (i) the majority of operative events occurred in Michigan, including the drafting, signing, and issuance of the Draft Environmental Impact Statement, Final Environmental Impact Statement, and the ROD; (ii) the United States' public hearings, meetings, and workshops on the DRIC project were held in Michigan; (iii) all of the identifiable, non-governmental public comments were received from Michigan residents; (iv) the administrative record was assembled in Michigan; (v) all of the plaintiffs are residents of Michigan; and (vi) the DRIC project will be located in Michigan, thereby most directly effecting Michigan residents. *See also* Mem. Op. at 20 ("In sum, having balanced plaintiffs' choice of forum in the District of Columbia against the relevant private- and public- interest factors, the Court concludes that the balance of private and public interests counsels in favor of transferring this action to the judicial district with the greatest stake in the pending litigation - plaintiffs' home forum and the site of the DRIC project - the

Eastern District of Michigan."). In light of these and other facts discussed at length in the Court's Memorandum Opinion, the Court rejects plaintiffs' assertion that it committed clear error in transferring the case pursuant to § 1404(a). Accordingly, having determined that justice does not require the Court to reconsider its earlier decision, plaintiffs' motion for reconsideration is **DENIED**.[2]

As the Court has not reconsidered its Order to transfer venue to the Eastern District of Michigan, the Court declines to rule on plaintiffs' motion to amend their complaint. This issue should be resolved by the transferee court in the Eastern District of Michigan.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** plaintiffs' motion for reconsideration. An Order accompanies this Memorandum Opinion.

**SIGNED:    Emmet G. Sullivan**
           **United States District Court Judge**
           **December 14, 2009**

---

[2] Despite defendants' assertion to the contrary, the Court concludes that it has jurisdiction to resolve plaintiffs' motion for reconsideration because this Court's docket does not yet reflect an entry indicating that the case files have been received by the Eastern District of Michigan. See Pls.' Reply Br. at 2 n.1 (explaining that jurisdiction remains with the transferor court until the papers are lodged in the transferee court (citing 15 Charles A. Wright, Federal Practice and Procedure § 3846)).

6