UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASED, et al,

Plaintiff(s), Case No. 10-10082

-vs-

Hon. Avern Cohn

FHWA, et al,

Defendant(s).
_________________________________/

**ORDER SETTING MOTION AND RESPONSE FILING DEADLINES**

On May 11, 2010 the Court held a status conference in this matter. During the status conference the following deadlines were established:

- Defendants shall file a Motion for Summary Judgment including a Statement of Material Facts Not in Dispute on or before **July 15, 2010**;
- Plaintiffs shall file a response including a Counter-Statement of Material Facts Not in Dispute on or before **August 16, 2010;**
- A reply shall be filed on or before **August 27, 2010**;

A copy of practice guidelines regarding the filing of motions for summary judgment is attached as an exhibit. The parties are strongly encouraged to review the guidelines prior to filing the motion for summary judgment and response.

A response to the pending Motion for Leave to Take Discovery, etc. shall be filed on or before June 10, 2010 and a reply on or before June 20, 2010.

SO ORDERED.

Dated: May 14, 2010

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

**10-10082**
**LASED, et al v. FHWA, et al**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 14, 2010, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160

**Revised December 09, 2009**

# MOTIONS FOR SUMMARY JUDGMENT

The guidelines which follow are from the Northern District of Illinois Local Rule 56.1, Motions for Summary Judgment. Copies of the Local Rule are available online at http://www.ilnd.uscourts.gov/LEGAL/NewRules/New00045.htm. For commentary, see the following article from the Chicago Bar Association: Sanil R. Harjani, Local Rule 56.1: Common Pitfalls in Preparing a Summary Judgment Statement of Facts, 16-OCT CBA Rec. 42 (Oct. 2002), available on Westlaw.

## I. REQUIREMENTS

(a) **Moving Party**. With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file—

(1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

(2) a supporting memorandum of law; and

(3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

(A) a description of the parties, and
(B) all facts supporting venue and jurisdiction in this court.

The statement referred to in (3) shall be separate document and shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact.

If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.

(b) **Opposing Party**. Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file—

(1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

(2) a supporting memorandum of law; and

(3) as a separate document a concise response to the movant’s statement that

**Revised December 09, 2009**

shall contain:

(A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and

(B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

## II. JOINT SUBMISSION

Upon the filing of the above statement and response, the parties shall integrate the moving party's statement and the non-moving party's response in a single document, jointly submitted, so that each paragraph contains the moving party's statement and non-moving party's response. If a non-moving party files an additional statement consistent with section (b)(3)(C), and the moving party files a reply, these statements shall also be jointly submitted in a single document. Please contact the Court with any questions regarding the joint submission.

## III. REQUIREMENTS FOR EXHIBIT BOOKS AND CASE BOOKS

File EXHIBITS in a separate appendix from the brief. Use a 3 ring binder. Index and tab exhibits. Highlight relevant parts of exhibits.

Counsel are encouraged to supply the Court with copies of **only** their main cases. Use a 3 ring binder. Index and tab cases. Highlight relevant portions of CASES - note on the title page the relevant pages highlighted and what the case stands for. Copies of cases from the official reporter are preferred. If LEXIS or WESTLAW or another format is used, the case should be submitted in dual column format. **COPIES OF CASES SHOULD NOT BE ELECTRONICALLY FILED- they are not part of the original case file but rather assist the Court. They should be delivered directly to chambers.**

## IV. OTHER MOTIONS

Although these requirements are for motions for summary judgment, counsel are encouraged to follow them to the fullest extent possible for other motions, such as motions for entry of judgment and motions to dismiss.