UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATIN AMERICANS FOR SOCIAL AND
ECONOMIC DEVELOPMENT, CITIZENS
WITH CHALLENGES, DETROIT ASSOCIATION
OF BLACK ORGANIZATIONS, DETROITERS
FOR PROGRESS, MANA DE METRO DETROIT,
MEXICAN PATRIOTIC COMMITTEE OF METRO
DETROIT, DETROIT INTERNATIONAL BRIDGE
COMPANY,

    Plaintiffs,

v.                                                              Case No. 10-10082

The ADMINISTRATOR of the Federal Highway       HON. AVERN COHN
Administration, in his official capacity, THE FEDERAL
HIGHWAY ADMINISTRATION, JAMES J. STEELE,
in his official capacity as the Michigan Division
Administrator of the Federal Highway Administration,
an individual,

    Defendants.
_____/

**MEMORANDUM AND ORDER
DENYING PLAINTIFFS' MOTIONS TO SUPPLEMENT THE RECORD
(Docs. 103, 104)
AND
DENYING PLAINTIFF'S AMENDED MOTION TO STRIKE RECORD OF DECISION
(Doc. 96)
AND
STRIKING EXHIBITS FILED OUTSIDE OF THE ADMINISTRATIVE RECORD**[1]

I. Introduction

A. Overview

This is an Administrative Procedure Act (APA) case involving a challenge to the

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Federal Highway Administration's (FHWA) January 4, 2009, Record of Decision (ROD) which approved a proposed international bridge crossing in the Delray community in Detroit, Michigan (the DRIC project).[2]  The issues regarding the challenge have been fully briefed and are awaiting decision.  Briefly, plaintiffs include a number of community organizations with ties to the Delray community as well as the operators of the Ambassador Bridge, an international bridge crossing located approximately two miles from the proposed crossing.  Plaintiffs claim that defendants – the Administrator of the Federal Highway Administration (FHWA), the Michigan Division Administrator of the FHWA, and the FHWA – failed to comply with the requirements of the National Environmental Protection Act (NEPA), Section 4(f) of the Department of Transportation Act, and Section 106 of the Historic Preservation Act when they issued the ROD.  Simply stated, it is plaintiffs' contention that Michigan legislature has not yet approved the DRIC project or its funding, and the NEPA process was pretext for a decision made outside the NEPA process, and execution of the ROD was an arbitrary and capricious act.

B.  Present Motions

Plaintiff, Detroit International Bridge Company (DIBC), has filed the following motions:

Amended Motion To Strike Record Of Decision (Doc. 96)

and

Motion Pursuant To Rule 15(d) To Supplement Plaintiff

---

[2]For additional background, see Memorandum and Order Staying Plaintiffs' Motion for Leave to Take Discovery (Doc. 30).

>   Detroit International Bridge's Surreply [Doc. 102] And
>   Amended Motion To Strike Record of Decision [Doc. 96]
>   (Doc. 103)

Plaintiffs, Latin Americans for Social and Economic Development (LASED), et. al., have filed

>   Plaintiff, Latin Americans For Social And Economic
>   Development, And Other Organizations', Concurrence In
>   Plaintiff, DIBC's Motion To Supplement (Doc. 104)

Attached to these papers, including DIBC's Sur-reply (Doc. 102) are various documents described in the attached Appendix.  Some of the documents are in the public record.  Other documents ante-date the ROD or post-date the ROD, and are an effort to supplement the administrative record.  Still other documents are argument by DIBC in opposition to the ROD, or in support of DIBC's assertion that this case should be dismissed.

Defendants have filed separate oppositions to plaintiffs' motions.  (Docs. 105, 106.)  Defendants say:

- Judicial review is limited to the Administrative Record

- Fed. R. Civ. P. 15(d) does not provide grounds for supplementation of a brief

- The extra-record exhibits should be stricken

Defendants are correct.  Accordingly, for the reasons that follow, plaintiffs' motions to supplement the record and DIBC's amended motion to strike the ROD are DENIED. The exhibits filed outside of the administrative record, set forth below, will be stricken.

3

II.  Legal Standards

Judicial review under the APA is limited to the administrative record before the agency at the time its decision was made.  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971).  As explained in Camp v. F.W. Pitts, 411 U.S. 138,142 (1973):

> The appropriate standard for review was, accordingly, whether the Comptroller's adjudication was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as specified in 5 U.S.C. § 706(2)(A). In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.

Only in exceptional circumstances can the administrative record be expanded or supplemented.  As stated in Charter Township of Van Buren v. Adamkus, No. 98-1463, 1999 WL 701924, at *4 (6th Cir. Aug. 30, 1999) (unpublished):

> When exceptional circumstances arise, however, the reviewing court may exercise its discretion to expand or supplement the administrative record.  Such exceptional circumstances have been found when an agency has deliberately or negligently excluded documents that may have been adverse to its position, as well as in cases in which the court needed certain background information in order to determine whether the agency considered all relevant factors in arriving at its decision.  Courts have also permitted supplementation of the record if the plaintiff has made a strong showing of bad faith on the part of the agency.

(internal citation omitted).

Additionally, DIBC's citation to Fed. R. Civ. P. 15(d) in support of its motion to supplement its sur-reply and its motion to strike to include an alleged "secret Canadian

4

document" is incorrect. The rule has not application here. The rule is limited to supplementing a pleading, not a brief. See Clark v. Fountain, No.08-11255, 2009 WL 3199060 at *6 (E.D. Mich. Sept. 29, 2009) (noting that Rule 15(d) was "inapplicable" to supplement a motion for summary judgment because the motion is not a "pleading.").

Lastly, as to scientific matters underlying the ROD such as traffic data, the Court generally defers to the expertise and discretion of the agency. As the Court of Appeals for the Sixth Circuit has explained: "Because analysis of the relevant documents 'requires a high level of technical expertise' we must defer to the informed discretion of the responsible federal agencies." Sierra Club v. Slater, 120 F.3d 623, 633 (6th Cir. 1997) (quoting Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 377 (1989)):

### III. Decision

The limited circumstances for supplementation do not obtain here. First, the "secret Canadian documents" which ante-date the ROD are not relevant. As defendants point out, Canadian views on the DRIC project have no bearing on the issue before the Court: whether the ROD is arbitrary or capricious. Accordingly, the following documents are STRICKEN:

- List and description of documents from the files of Transport of Canada

- Minutes of a meeting of January 14, 2003

- E-mail exchange of March, 2006

Second, with respect to documents which post-date the ROD, they are not properly part of the administrative record. Because they came after the ROD, the

FHWA could not have considered them; therefore, they have no bearing on the propriety of th agency's decision-making process. Accordingly, the following documents are STRICKEN:

- Mich. P.A. No. 384, Public Acts of 2011

- Redacted documents issued by Transport of Canada in 2011 describing the current status of the new bridge crossing

- Request for Proposal of Interest - January 17, 2010

- Declaration of Divisional Administrator of FHWA dated July 9, 2009, in support of change of venue motion

- District of Columbia's order of December 1, 2011, in a case pending in that court

- Supplement dated April 2, 2011, to FHWA document generally describing NEPA process

- Statistical analysis of traffic volume by DIBC[3]

III.  Conclusion

It has taken some time to compile the administrative record in a manner making its components readily accessible and understandable.  See Notice by All Defendants Concerning Description of the Process by Which the Administrative Record was Compiled (Doc. 32); Defendants' Notice of Lodging Certified Administrative Record for

---

[3] As noted infra, consideration of extra-record evidence relating to technical matters, such as traffic analysis, is improper in an APA action where the agency involved has special expertise in such matters.

the Detroit River International Crossing Project (Doc. 66); Defendants' Notice of Supplement to Lodging of Administrative Record [Filing of Affidavit], Dkt. #66 (Doc. 67); and Defendants' Notice of Supplement to Lodging of Administrative Record, Dkt. #66 (Doc. 90).

As was stated in the concluding paragraph of the Memorandum of January 24, 2011 (Doc. 60):

> Plaintiffs should keep in mind that a review of the administrative decision is based on the administrative record compiled by the agency. Circumstances that require supplementation of the administrative record are extremely narrow. Objections to the administrative record are best dealt with in a response to a motion to affirm.

Plaintiffs should also keep in mind that in considering Defendants' Motion to Affirm the Decision of the Michigan Division Administrator of the Federal Highway Administration (Doc. 68), the Court's task is to determine whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Overton Park, 401 U.S. at 414. Also, whether or not the Michigan legislature approves the State's participation in the new bridge is an issue separate and apart from the Court's responsibilities in this case.

SO ORDERED.

Dated: January 31, 2012         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 31, 2012, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160